IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN MICHAEL STEHLIK,

    Plaintiff,
v.                                   CASE NO. 5:15-cv-285-MP-GRJ

KENDES ARCHER, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint, ECF No. 1, and has been granted leave to proceed as a pauper. Plaintiff alleges two types of claims in the Complaint. First, Plaintiff contends that medical personnel at FCI Marianna have been deliberately indifferent to Plaintiff's serious medical needs in connection with Plaintiff's need for catheterization. ECF No. 1 at 7-8. In his second claim, Plaintiff alleges that a recreation specialist at FCI-Marianna violated Plaintiff's First Amendment rights by confiscating a book: "Player's Handbook (Dungeons & Dragons) Wizards RPG Team." Plaintiff alleges that the confiscation of the book was without any legitimate penological interest. ECF No. 1 at 9.

Upon screening the Complaint the Court determined that Plaintiff

failed to state a deliberate-indifference claim but that he should be afforded an opportunity to file an amended complaint.  The Court determined that Plaintiff's deliberate-indifference claims against prison medical staff bore no relationship to the First Amendment claim he asserts against a prison recreation specialist, and therefore that the claims were misjoined in violation of Federal Rule of Civil Procedure 20(a)(2).  Because it appeared that Plaintiff's primary claim in this pertains to his medical treatment, the Court ordered that Plaintiff should not include claims in his amended complaint that are unrelated to his primary deliberate-indifference claim. ECF No. 6.

The Court ordered Plaintiff to file the amended complaint by February 18, 2016.  ECF No. 6.  The Court granted Plaintiff an extension of time until March 18, 2016, to comply.  ECF No. 11.

As of this date, Plaintiff has failed to comply with the Court's order to file an amended complaint.  Instead, on March 23, 2016 – beyond the date for compliance – Plaintiff filed a "motion to stay; motion to consolidate cases; alternatively motion for extension of time to amend complaint."  ECF No. 13.  In this motion, Plaintiff alleges that the Bureau of Prisons is violating his constitutional rights in connection with conditions of release

under the Sex Offender Registration and Notification Act (SORNA) and the Sex Offender Management Program (SOMP).  Plaintiff seeks to have this case consolidated with another inmate's case raising similar issues, or stayed pending resolution of Plaintiff's pending 28 U.S.C. § 2255 motion in the Southern District of South Carolina, or alternatively for an extension of time to file his amended complaint.  ECF No. 13.

     The instant motion is untimely with respect to Plaintiff's compliance with the Court's order to amend his deliberate-indifference claim, and fails to establish any basis for the Court to grant him an additional extension of time to comply.  Even if the Court were to grant an additional extension, there is no basis to permit Plaintiff to include additional unrelated claims in this case.  Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Second, there *must* be a "question of law or fact common to all defendants" in the action.  Both prongs of the test must be met in order for joinder to be appropriate.  *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).

Plaintiff's claims regarding the BOP's application of SORNA and SOMA to him bear no relationship to the deliberate-indifference claim asserted in his original complaint.

Accordingly, it is **ORDERED** that Plaintiff's "motion to stay; motion to consolidate cases; alternatively motion for extension of time to amend complaint,"  ECF No. 13, is **DENIED.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** in Gainesville, Florida this 29th day of March 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Page 5 of 5*

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.